IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> REX DARRELL BARBER a/k/a REX D. BARBER a/k/a REX BARBER d/b/a REX DARRELL BARBER REVOCABLE LIVING TRUST or REX BARBER TRUST a/k/a REX DARRELL BARBER AS TRUSTEE OF THE REX DARRELL BARBER REVOCABLE LIVING TRUST; VALLEY BANK & TRUST; FARM CREDIT SERVICES OF AMERICA LLC f/k/a FARM CREDIT SERVICES OF AMERICA, PCA; O'BRIEN COUNTY IMPLEMENT, INC. d/b/a O'BRIEN COUNTY IMPLEMENT FINANCE; and CNH CAPITAL AMERICA LLC, <br><br> Defendants. | No. C 09-4061MWB |

AMENDED
## JUDGMENT AND DECREE OF FORECLOSURE

This matter is before the Court on Plaintiff's Motion for Default Judgment. Plaintiff is entitled to judgment as a matter of law. The Motion for Default Judgment is granted with the consent of defendant Farm Credit Services of America, PCA.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. The Court has jurisdiction over all parties, the defendants having been properly served, and the defendants Rex Darrell Barber a/k/a Rex D. Barber a/k/a Rex

Barber d/b/a Rex Darrell Barber Revocable Living Trust or Rex Barber Trust a/k/a Rex Darrell Barber As Trustee of the Rex Darrell Barber Revocable Living Trust; Valley Bank & Trust; O'Brien County Implement Finance; and CNH Capital America LLC being in default; and the defendant Farm Credit Services of America, PCA, having consented to the entry of decree; the Motion for Default Judgment is granted.

2. Judgment is hereby rendered *in rem* against the personal property described in Exhibit D attached to plaintiffs Complaint, and *quasi in rem* and *in personam* against Defendant Rex Darrell Barber a/k/a Rex D. Barber a/k/a Rex Barber d/b/a Rex Darrell Barber Revocable Living Trust or Rex Barber Trust a/k/a Rex Darrell Barber As Trustee of the Rex Darrell Barber Revocable Living Trust, affecting his interest in the personal property for the total sum of $151,694.21 principal and $16,660.53 interest as of February 26, 2010, plus interest accruing thereafter at a rate of $16.6066 per day to this date totalling $ 631.05 ; plus costs of this action in the total amount of $487.44 ($137.44 service/complaints costs and $350 court costs), and statutory interest after judgment.

3. Plaintiff's security interest is hereby established and declared to be first, superior and paramount lien on the personal property described in the attached Exhibit D of plaintiff's complaint. All the rights, title and interest, claims and liens in and to the personal property which the defendant claims or may have therein, whether the rights, title, interest, claims or liens be legal or equitable, are hereby decreed to be subsequent, inferior and junior to the right, title, interest, claims and lien of the plaintiff, excepting Farm Credit Services of America, PCA's first, senior and superior lien to the

plaintiff in the New Holland 1118 Windrower SR#550160 and Hesston 856A Round Baler SR#HL25442 in which plaintiff holds a junior lien.

4.  Plaintiff's security interest is hereby foreclosed for the full amount of the Judgment. This Judgment is decreed to be a first lien on the aforementioned personal property, from December 11, 2003, but for the aforementioned windrower and baler. Defendant and all persons claiming by, through, and under them are barred and foreclosed from all rights, title and interest in said personal property with no post sale right of redemption.

5.  A Writ of Special Execution shall issue against the personal property described in the attached Exhibit D to plaintiff's Complaint, excepting the New Holland 1118 Windrower SR#550160 and Hesston 856A Round Baler SR#HL25442, situated in Monona County, Iowa. Under the Writ of Special Execution, the United States Marshal for the Northern District of Iowa or his representative is commanded to sell the personal property in aid and enforcement of the claim, rights and Judgment of the plaintiff at public sale in accordance with 28 U.S.C. §§ 20043. The sale shall be subject to any unpaid personal property taxes or special assessments.

7.  The Farm Service Agency is appointed joint custodian to secure the services of a professional auctioneer and other necessary persons, for the removal of the personal property collateral to a neutral site and for the care, cleaning, preparation and sale of the personal property collateral.

8.  The United States Marshal shall coordinate with the Farm Service Agency

and take whatever steps are necessary to insure the peaceable removal of the personal property collateral to a neutral site, and the sale of paid personal property collateral at a public sale.

9. The United States Marshal and/or the Farm Service Agency as joint custodian, shall give public notice of the time and place of the sale in the manner provided by law, and the publication shall be in a regularly issued newspaper of general circulation within Monona County, Iowa, published once a week at least four (4) weeks prior to the sale.

10. Since there is no right of redemption upon the sale of the personal property at public sale the United States Marshal shall deliver possession of the personal property and shall issue a Marshal's Bill of Sale to the buyers without any warranties stating the price paid without further order of this Court. The auctioneer, after first deducting the costs of the sale incurred by it and the joint custodian, shall turn over funds received to the United States Marshal to be distributed according to the judgment and decree.

11. If the property is purchased by a bid other than that of the plaintiff, after deducting the costs of the sale from the proceeds thereof, the Marshal shall deposit the proceeds with the Clerk of Court pending confirmation of the sale and direction by the Court as to payment of the proceeds.

12. Proceeds from the sale of the items of personal property shall be paid to USDA, FSA as set out in the list of personal property described in Exhibit D attached to Plaintiff's Complaint.

13. If the plaintiff shall be the successful bidder at the sale, the United States Marshal may take the receipt of the plaintiff in lieu of cash payment.

14. Out of the proceeds arising from the sale there will be satisfied in the following order as far as the same shall be sufficient:

    a. The costs of the sale and of this action;

    b. Plaintiff's *in rem* Judgment against the property and *quasi in rem* and *in personam* judgment against Defendant Rex Darrell Barber a/k/a Rex D. Barber a/k/a Rex Barber d/b/a Rex Darrell Barber Revocable Living Trust or Rex Barber Trust a/k/a Rex Darrell Barber As Trustee of the Rex Darrell Barber Revocable Living Trust;

    c. The balance thereof, if any, to be brought into the Court to await further order.

15. To the extent a deficiency judgment exists on a *in personam* judgment after the aforementioned application of sale proceeds, the Court retains jurisdiction to allow plaintiff to pursue collection in accordance with the law.

Dated: 4/7/10

_____
MARK W. BENNETT
U.S. District Court Judge
UNITED STATES DISTRICT COURT

Approved and Consent as to form:

/s/Michael J. Cunningham
Michael J. Cunningham
Attorney for Farm Credit Services of America, PCA
2824 104th Street
Urbandale, IA 50322